UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-60126-LEIBOWITZ

UNITED STATES OF AMERICA

vs.

JANICE ELEANOR TURNER and
KISEAN PAUL ANDERSON, a/k/a
SEAN KINGSTON,

        **Defendants.**
_____/

## UNITED STATES' MOTION IN LIMINE TO EXCLUDE
## EVIDENCE OF REPAYMENT TO VICTIMS

### Introduction

The United States moves this Court for an order in limine excluding the admission of evidence and argument related to Defendants Janice Eleanor Turner and Kisean Paul Anderson a/k/a Sean Kingston's ("Defendants") payments to their victims or victims' recoupment of property after the completion of the charged crimes, i.e. conspiracy to commit wire fraud and wire fraud, 18 U.S.C. §§ 1349, 1343.

In sum, evidence of delayed payment or recoupment of property after committing the alleged crimes—in most instances after victim complaints—is irrelevant under Federal Rule of Evidence 401 and otherwise excludable under Rule 403 because its probative value is outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. Likewise, related argument is improperly designed for jury nullification.

### Background

On July 12, 2024, a grand jury sitting in the Fort Lauderdale Division of this Court (the "Grand Jury") returned an indictment (DE 3) (the "Indictment") charging the Defendants with one

count of conspiracy to commit wire fraud, 18 U.S.C. § 1343, and five substantive counts of wire fraud, 18 U.S.C. § 1343, related to their alleged defrauding of various victim merchants throughout the country by using false statements and fraudulent wire-transfer confirmation records. The total loss amount is alleged to be over $1,000,000 in merchandise.

The following facts related to the substantive counts of wire fraud, Counts 2–6, are pertinent to this Motion:

a. Count 2: Fraudulent wire transfer receipt for $53,000 sent to victim seller 1 on May 15, 2023, for a vehicle purchase date in April 2023. Victim seller ultimately repossessed the vehicle for nonpayment;

b. Count 3: Fraudulent wire transfer receipt for $285,000 sent to victim seller on October 24, 2023, for purchase of watch in October 2023. Victim seller sent legal demand letter on October 27, 2023, and reported theft to Broward County Sheriff's Office on November 1, 2023. Victim seller 2 received $200,000 2 weeks later and final payment on December 18, 2023;

c. Count 4: Fraudulent wire transfer receipt for $159,702.78 sent to victim seller 3 on November 21, 2023, for a vehicle purchase that same day. Victim seller threatened to contact law enforcement on December 7, 2023. Vehicle was subsequently repossessed;

d. Count 5: Fraudulent wire transfer receipt for $40,000 sent to victim seller 4 on January 15, 2024, for purchase of AV electronic equipment on September 3, 2023, and installed on December 14, 2023, after original deposits cleared. Victim seller is still owed $47,027.18.

2

  e. Count 6: Fraudulent wire transfer receipt for $480,000 sent to victim seller 5 on March 14, 2024, for purchase of two watches in March 2024. Victim seller 5 subsequently reported theft of watches to law enforcement in March and April 2024. One watch was later returned to victim seller 5 and one watch was not returned leaving $241,840 owed to victim seller 5.

## Argument

**1. This Court should preclude admission of evidence related to repayment or recoupment after the crimes because it is irrelevant or its probative value is outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury.**

Under the Federal Rules of Evidence, evidence is "relevant" if "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible, except as otherwise provided by the U.S. Constitution, federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. *Id.* 402. Irrelevant evidence is inadmissible. *Id.* Even if evidence is relevant, this Court may exclude it if the probative value of the evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.* 403.

The elements of wire fraud, 18 U.S.C. § 1343, are as follows:

(1) The Defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;

(2) The false pretenses, representations, or promises were about a material fact;

(3) The Defendant acted with the intent to defraud; and

 (4) The Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

11th Cir. Pattern Jury Instr. (Crim) O51 (2022).

 To act with "intent to defraud" "means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury." *Id.* The crime is complete once a defendant obtains money or property through knowingly false pretenses or representations, regardless of whether the defendant intended repayment. *Cf. United States v. Morales*, 978 F.2d 650, 653 (11th Cir. 1992) ("A reasonable expectation of making covering deposits after the event is not a defense which negates intent to defraud in a check kiting case."); *United States v. McKinney*, 822 F.2d 946, 949-50 (10th Cir. 1987) ("A charge under 18 U.S.C. § 656 is complete when the misapplication takes place, and the fact that the bank does not suffer a loss, or, if the bank does suffer a loss and the defendant later offers repayment, does not negate an earlier intent to defraud.").

 In *United States v. Fields*, 327 F. App'x 133 (11th Cir. 2009), the defendant was charged with stealing money from the United States in violation of 18 U.S.C. § 641, i.e., theft of government funds. *Fields*, 327 F. App'x at 134. The defendant had lied on an application to a housing authority that received federal funding. *Id.* Prior to being indicted for her conduct, the defendant agreed to a repayment plan and ultimately repaid the balance just before learning of the indictment. *Id.* At trial, the district court excluded evidence proffered by the defendant regarding her repayment plan and any related statements. *Id.* The defendant appealed arguing that the evidence should have been admitted because its relevance was not outweighed by the potential for confusion, and it prevented her from presenting a "viable defense." *Id.*

In the unpublished opinion, the Eleventh Circuit discussed this Circuit's prior approach to similar issues and stated that "[a] defendant's intention to repay stolen money, and 'even actual repayment,' is not a defense to a charge under § 641." *Id.* at 135 (citing *United States v. Lanier*, 920 F.2d 887, 895 (11th Cir. 1991); *United States v. Suba*, 132 F.3d 662, 677 (11th Cir. 1998) ("Repayment in the face of litigation does not show a lack of fraudulent intent."); *United States v. Scott*, 701 F.2d 1340 (11th Cir. 1983) (repayment was irrelevant to the offense of intentionally providing false information to acquire loan accounts). And, after applying Rule 401, 402, and 403, the court held that "[b]ecause repayment was not relevant to [the defendant's] intent to deprive the government of its funds under § 641, the district court did not abuse its discretion in disallowing evidence of repayment." *Fields*, 327 F. App'x at 135.

Here, as in *Fields*, the crimes of defrauding the victims via fake wire transfer records were completed prior to any recoupment of property or payment for the property. And, in instances where any repayment or recoupment occurred, it was either by repossession or in response to threats of criminal complaints or actual criminal complaints to law enforcement. It is therefore irrelevant whether the Defendants have repaid or returned or attempted to repay or return any funds owed or property obtained under false pretenses because failure to repay is not an element of the fraud and intent to repay is not a defense. *See United States v. Suba*, 132 F.3d 662, 677 (11th Cir. 1998) ("Repayment in the face of litigation does not show a lack of fraudulent intent."); *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020) ("Miller's primary defense—that he was not guilty of wire fraud because he intended to pay back the funds he deceptively obtained from [the victim company]—is not a defense at all."); *United States v. White*, 846 F.3d 170, 178 (6th Cir. 2017) ("Defendant's subsequent attempts to rectify the fraud are irrelevant to his earlier intent or

5

state of mind, and the district court was within its broad discretion under Rule 403 to exclude that evidence."); *United States v. Lucas*, 709 F. App'x 119, 123 (3d Cir. 2017) (noting that several sister courts have "squarely rejected" the proposition that "evidence of repayment is relevant when considering a person's intent to defraud another.").*United States v. Masquelier*, 210 F.3d 756 (7th Cir. 2000) ("[The defendant's] ultimate intention to make good on the contract is irrelevant to his intent to obtain government money to which he was not entitled through deceptive means. . . . [T]o hold otherwise would require us to overturn a thousand years of criminal law.").

2.  **This Court should preclude argument related to repayment or recoupment of property obtained after the crimes because it is improper jury nullification argument.**

Because evidence of repayment or recoupment of property or intent to repay after the crime is irrelevant and inadmissible, argument related to this evidence should be precluded because it is solely designed for nullification and to play on sympathies of the jury. "Nullification is, by definition, a violation of a juror's oath to apply the law as instructed by the court – in the words of the standard oath administered to jurors in the federal courts, to 'render a true verdict according to the law and the evidence.'" *United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997) (citation omitted). The Eleventh Circuit has unequivocally disapproved of this practice and has issued clear instructions that "defense counsel may not argue jury nullification during closing argument." *United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983); *see United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) (collecting cases in support of proposition that a defendant has no right to present evidence or make arguments geared towards nullification). Because "the potential for nullification is no basis for admitting otherwise irrelevant evidence," *Funches*, 135 F.3d at 1409, the United States moves to exclude evidence and to preclude argument designed to

6

convince the jury to acquit not because the United States failed to prove the charged crimes, but because a guilty verdict would be contrary to a sense of justice, morality, or fairness. *Washington v. Watkins*, 655 F.2d 1346, 1374 n.54 (5th Cir. 1981) (noting that with respect to jury nullification, courts "have almost uniformly held that a criminal defendant is not entitled to an instruction that points up the existence of that practical power to his jury"); *United States v. Gorham*, 523 F.2d 1088, 1097–98 (D.C. Cir. 1975) (affirming trial court's refusal to admit evidence bearing no legal relation to the charges but which might encourage a "conscience verdict" of acquittal).

Accordingly, Defendants should be precluded from making arguments or comments to the jury—and from eliciting statements on direct or cross-examination—which are irrelevant to the record evidence and charges and that are, instead, designed to encourage a verdict without regard to the law.

## **Certificate Pursuant to Local Rule 88.9**

Pursuant to Local Rule 88.9, undersigned counsel conferred in good faith with counsel of record for Defendants Janice Turner and Kisean Anderson a/k/a Sean Kingston, via email on March 6, 2025, to resolve the issues raised in this Motion. However, Defendants object to the requested relief.

**Conclusion**

This Court should grant this Motion and preclude any attempt to introduce evidence of victim repayment or recoupment of property or any arguments regarding victim repayment or recoupment.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

BY: **Trevor C. Jones**
TREVOR C. JONES
Assistant United States Attorney
Fla. Bar No. 0092793
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394
Tel: (786) 564-9109
Trevor.Jones@usdoj.gov