UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60126-CR-LEIBOWITZ

UNITED STATES OF AMERICA

vs.

JANICE ELEANOR TURNER
and
KISEAN PAUL ANDERSON,
      a/k/a Sean Kingston,

                        Defendants.
_____/

## UNITED STATES' NOTICE OF INTENT TO USE INEXTRICABLY INTERTWINED EVIDENCE OR IN THE ALTERNATIVE, 404(B) EVIDENCE

The United States of America, through its undersigned counsel, hereby gives notice to the Defendant of its intent to use inextricably intertwined evidence or in the alternative, pursuant to Federal Rule of Evidence 404(b), notifies the defendant of its intent to introduce evidence of the defendant's other crimes, wrongs and/or acts as proof of motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake.

The substance of the inextricably intertwined evidence or in the alternative, 404(b) evidence, includes evidence that in November of 2021, Defendant Janice Turner and Defendant Kisean Anderson engaged in a text message conversation with each other wherein the defendants discussed the purchase of watches and other jewelry, the fact that there was no money for these purchases, and the need for a fake receipt to be sent to the merchandise sellers, along with excuses that would be told to the victim seller.  Specifically, Defendant Turner stated to Defendant Anderson, "You owe four new jewelers ain't got no money for no more… not even 1 penny...But I don't have money to pay dude sean its 120k… what's up with you and all this jewelry bro"

1

Defendant Anderson replied, "Please do this last 1 mother…Just please work this for me lastly… I got you forever u know that…we need dainty to make us a wire receipt… mother u don't listen to me… I told u to make a fake reciet… So it look like the transfer will be there in a couple days… so he can get on his flight… tonight." Defendant Turner responds, "So now doing one for him to get wire tomorrow." Defendant Anderson acknowledged receipt and that the victim seller had received the wire receipt.

As the Eleventh Circuit has stated, in a fraud case, evidence of a pattern of fraudulent conduct in which the defendant, along with his co-conspirators, participated, is "intrinsic" and not "extrinsic" evidence subject to Rule 404(b). Thus, it is "inextricably intertwined" with the charged offense, and is not offered under Fed. R. Evid. 404(b). *See* United States v. Muscatell, 42 F.3d 627 (11th Cir. 1995). *See also* United States v. Lehder-Rivas, 955 F.2d 1510 (11th Cir. 1992) (evidence of pre-conspiracy drug offenses pertained to the chain of events forming the context, motive and set-up of the crime).

In the alternative, the evidence is admissible under Rule 404(b). As the Eleventh Circuit held in United States v. Ellisor, 522 F.3d 1255, 1267-1268 (11th Cir. 2008), prior financial dealings that are similar to the charged conduct that resulted in defrauding people are admissible to prove intent in engaging in the charged conduct. Similarly, in United States v. Metallo, 908 F.2d 795, 789 (11th Cir. 1990), the Eleventh Circuit specifically stated, "Courts have long held that evidence of financial difficulties is admissible in fraud prosecutions to demonstrate knowledge, motive, intent, design, and absence of mistake. *See also* United States v. King, 174 Fed.Appx. 467, 470, 2006 WL 826116 (11th Cir. 2006) (Rule 404(b) permits evidence of motive. '[E]vidence of financial difficulties is admissible in fraud prosecutions to demonstrate knowledge,

motive, intent, design, and absence of mistake'); United States v. Reed, 700 F.2d 638, 643 (11th Cir. 1983).

In the instant case, as alleged in the indictment, it was the object of the conspiracy for the defendants and co-conspirators to unjustly enrich themselves by falsely representing that they had executed bank wire or other monetary payment transfers as payment for vehicles, jewelry, and other goods purchased by the defendants, when in fact no such bank wire or other monetary payment transfers had been executed by the purported banks. To carry out that object, the defendants sent via text message, fraudulent documents purporting to memorialize that either bank wire or other monetary transfers had been initiated on their behalf. This referenced text message exchange between November 3, 2021 and November 5, 2021 is identical to the charged conduct and demonstrates the co-conspirators knowledge, intent, design, and absence of mistake as it relates to their modus operandi and how they carried out their scheme to defraud in the instant case.

All documents relating to the above-mentioned acts have previously been turned over in discovery to defense counsel.

              Respectfully submitted,

              **HAYDEN P. O'BYRNE**
              UNITED STATES ATTORNEY

        By: /s/ Marc S. Anton
           MARC S. ANTON
           Assistant U.S. Attorney
           Florida Bar No. 0148369
           500 East Broward Blvd., Suite 700
           Ft. Lauderdale, Florida 33394
           Tel: (954) 660-5096
           Fax: (954) 356-7230
           Marc.anton@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Marc S. Anton
Assistant U.S. Attorney