# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

Case No. 0:24-CR-60126

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| JANICE ELEANOR TURNER | ) |
|  | ) |
| Defendant. | ) |

## DEFENDANT JANICE ELEANOR TURNER'S
## SENTENCING MEMORANDUM

COMES NOW, by and through undersigned counsel, on behalf of the Defendant, JANICE ELEANOR TURNER, and respectfully submits this her Sentencing Memorandum, and in support states as follows:

### INTRODUCTION

Janice Eleanor Turner ("Ms. Turner"), comes before this Honorable Court for her sentencing on July 23, 2025. On March 28, 2025, Ms. Turner was found guilty by a jury of Counts one, three, four, five and six of a six-count Superseding Indictment. Count one charged Ms. Turner with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349, and Counts three, four, five, and six charged Ms. Turner with Wire Fraud in violation of 18 U.S.C. § 1343. Ms. Turner

exercised her right to testify.  She admitted to all of the fraudulent documents and testified truthfully at her trial.

## I.     SENTENCING POSITION

At sentencing in the above-styled case, the issue before this Honorable Court is whether the Ms. Turner should receive a federal prison sentence within the advisory federal sentencing guidelines.  Ms. Turner respectfully submits that a sentence on the low end of the guideline range is greater than necessary to punish a sixty-two year old women, with a myriad of health issues, and minimal criminal history.  *See* Def. Mot. for Downward Departure, Dkt. No. 133 (*Sealed*).

## II.    PRESENTENCE INVESTIGATION REPORT

Undersigned has filed objections to the factual and legal accuracy of the Presentence Investigation Report, and those objections remain pending before this Honorable Court.  None of the items that are the subject of the wire fraud were for her, or her personal gain.  While the intended loss under the guidelines is high, the actual loss was none or minimal.  *See* Obj. to Presentence Investigation Rep., Dkt. No. 126, and Resp. in Opp'n to Gov't Obj. to Presentence Investigation Rep., Dkt. No. 136.

## III.   SENTENCING ANALYSIS

To arrive at a sentence that is sufficient but not greater than necessary, to comply with the purpose set forth in paragraph two of 18 U.S.C. § 3553(a), Ms.

Turner understands this Honorable Court will first calculate the Defendant's guideline sentence, and next consider any departures based on the criteria set forth in the federal sentencing guidelines, and finally consider whether the sentence imposed should be different from either the federal sentencing guideline sentence or the departure sentence, if any, after considering the factors set forth in 18 U.S.C. § 3553(a). Undersigned counsel is fully aware that this Honorable Court understands the law regarding the discretion it has at federal sentencing based upon the advisory nature of the federal sentencing guidelines and the mandatory aspect of subsection (b)(1) being held unconstitutional by *United States v. Booker*, 543 US. 220, (2005). This allows the Court to use its discretion to deviate from the guidelines if there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.

To determine a reasonable sentence the District Court must consider several factors in addition to the Advisory Federal Sentencing Guidelines enumerated in Title 18, United States Code, and Section 3553. These factors are as follows:

(1) the nature and circumstances of the offense and the history and the characteristics of the defendant;

(2) the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of the defendant as set forth in the Guidelines issued by the Sentencing Commission that are in effect on the date Defendant is sentenced;

(5) any pertinent policy statements issued by the Sentencing Commission

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

This Honorable Court in determining the particular sentence to be imposed, shall consider, among other things, the nature and circumstances of the offense and the history and characteristics of Ms. Turner, and lastly the need to avoid

unwarranted sentencing disparities amongst other defendants with similar records who have been found guilty of similar conduct.

Highlighting several facts from the Presentence Investigation Report, the issue before this Honorable Court is whether an imprisonment sentence within the advisory federal sentencing guideline range for Counts One, Three, Four, Five, and Six, is sufficient but not greater than necessary to comply with the law[1]. An imprisonment sentence at the low end of the guideline range is wholly unnecessary, and Ms. Turner has respectfully requested a downward variance. *See* Def. Mot. for Downward Departure, Dkt. No. 133 (*Sealed*). A sentence of thirty months or less is a sufficient but not greater than necessary to comply with the law. Ms. Turner will go to prison; she has *earned* the prison sentence. However, a sentence greater than thirty months is a waste of taxpayer resources based upon the history and characteristics of Ms. Turner.

Therefore, a downward variance in this case would provide an adequate deterrence for the offense in this instant matter. She also understands the immigration issue and that she will be deported back to Jamaica, lose her green card, and be barred from returning to the United States of America without the

---

[1] Undesigned counsel has filed an objection as to the U.S. Probation Office's interpretation of §4A1.2(e)(1) and has set forth a legal argument reducing the offense level, criminal history category, and the guideline range. *See* Obj. to Presentence Investigation Rep. 4-5, Dkt. No. 126.

approval of the Attorney General.  She will be separated from her family and the friends she has.

## IV. REQUESTS FOR JUDICIAL RECOMMENDATIONS

Ms. Turner understands that judicial recommendations are just that – mere recommendations.  There is no guarantee that a judicial recommendation will result in action.  However, relevant law and prison policy state more weight is given to judicial recommendation if there is a factual basis on the record for the judicial recommendation.[2]

Ms. Turner respectfully requests a recommended designation of a federal prison as close as possible to Miami, Florida.  As a factual basis for this recommendation, Ms. Turner's family and friends all reside in the Miami, Florida area.  The closest facility for women is in Tallahassee which is more than 450 miles from Southern Florida.  This will limit the ability of family visits.  As evidenced in the character letters submitted before this Honorable Court, Ms. Turner is a pillar in her community, often referred to as "Mama Kingston".

---

[2] The Bureau of Prisons welcomes judicial recommendations and, by statute and its own policy, is required to consider them. *See* 18 U.S.C. § 3621 and Program Statement 5100.08, "Inmate Security Designation and Custody Classification".  Pursuant to the above statute, the Bureau of Prisons is required to consider the type of offense, the length of sentence, the defendant's age, the defendant's release residence, the need for medical or other special treatment, any placement recommendation made by the court, and all guidance issued by the United States Sentencing Guidelines.  Therefore, while the Bureau of Prisons has the sole authority to designate the place of confinement for federal prisoners, if a defendant's judgment and conviction indicates the district court's preference for housing the inmate within a specific institution, geographic area, or specialized program, it must be considered and every effort will be made to fulfill the district court's recommendation request should there be reasons on the record to support the request.

In many of the character letters filed on Ms. Turner's behalf, she is often described as a motherly figure whose home was a refuge.  Ms. Turner fed the hungry, clothed the less fortunate, and encouraged those who had lost their hope.  Her generosity and love for others did not have a limit, and she exemplifies a life lived of service to the public.  There are so many of examples of helping others provided by others in the character letters: she went to Skid Row in California to feed the homeless Christmas Day, provided support for a young pregnant woman, organized toy drives, donated to multiple charities, organized church events, the list of the acts of service provided by Ms. Turner is endless.  *See* Not. of Filing Character Letters in Supp. of Sent'g, Dkt. No. 138-1.  The love and support resulting from Ms. Turner's family and friends being able to visit her while in custody will allow her a greater chance of positive matriculation through the prison system.

## <u>CONCLUSION</u>

WHEREFORE, the Defendant, JANICE ELEANOR TURNER, by and through her undersigned counsel prays this Honorable Court will grant the requested relief and/or any other relief deemed necessary.

Respectfully submitted,

HUMBERTO R. DOMINGUEZ, P.A.

By: <u>/s/ Humberto R. Dominguez</u>
Humberto R. Dominguez
Florida Bar No.: 837903
9100 S. Dadeland Boulevard
Suite 1500
Miami, Florida 33156
Telephone: (305) 373-6400
E-Mail: Bert@hdominguezlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY on July 18, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

Respectfully submitted,

HUMBERTO R. DOMINGUEZ, P.A.

By: /s/ Humberto R. Dominguez
Humberto R. Dominguez
Florida Bar No.: 837903
9100 South Dadeland Boulevard
Suite 1500
Miami, Florida 33156
Telephone: (305) 373-6400
E-Mail: Bert@hdominguezlaw.com