UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cr-60126-LEIBOWITZ

**UNITED STATES OF AMERICA**
       **Plaintiff,**
vs.

**KISEAN PAUL ANDERSON,**
   **a/k/a SEAN KINGSTON,**
       **Defendant.**
_____/

## KISEAN ANDERSON'S SENTENCING MEMORANDUM

Defendant, KISEAN ANDERSON, through undersigned counsel, respectfully submits this Sentencing Memorandum and respectfully requests this Court sentence him to a term below the advisory guidelines that does not include imprisonment.

### INTRODUCTION

On March 28, 2025, Mr. Anderson was convicted after a jury trial on counts one, three, four, five and six of a six-count Superseding Indictment, in violation of 18 U.S.C. § 1349 and 18 U.S.C. § 1343.

Mr. Anderson's total offense level as calculated by probation is at 25, with an advisory guideline range of 57–71 months. Mr. Anderson has lodged objections to the guideline calculations regarding the amount of the intended loss, number of victims, and criminal history. In addition, since the filing of written objections, Mr. Anderson has provided a statement of acceptance of responsibility. Should the Court sustain Mr. Anderson's objections, find that Mr. Anderson is deserving of the two- point reduction for acceptance of responsibility, the resulting guideline range

will be 24 to 30 months. Mr. Anderson has, through undersigned counsel, conventionally filed a *Defendant's Sealed Motion for Downward Variance* on August 11, 2025 and the docket entry number is not yet available. The undersigned will therefore refer to such filing without the benefit of the docket entry number in this filing.

## SENTENCING CONSIDERATIONS

The sentencing Court does not enjoy the benefit of a legal presumption that the guidelines sentence should apply, nor are they "presumed reasonable." *Rita v. United States*, 551 U.S. 338 (2007); see also *Nelson v. United States*, 555 U.S. 350 (2009)), *United States v. Sachsenmaier*, 491 Fed. 3d 680 (7th Cir. 2007). As has been espoused by the Supreme Court of the United States, the District Court may impose a below-guideline sentence simply because it disagrees with the policy decision underlying the specific guideline. *Spears v. United States*, 555 U.S. 261 (2009). The guidelines are but one factor in a determination of sentencing which should not be given more or less weight than any other factor. *United States v. Carter*, 530 F.3d 565 (7th Cir. 2008); see also *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008). There is no "thumb on the scale" favoring a guideline sentence. *Sachsenmeier*, *supra*. In general terms, 18 U.S.C. §3553 provides that sentencing must be imposed with an eye toward punishment, deterrence, protection and rehabilitation. *Booker* further directs that the sentencing Court must take into account all of the factors that are outlined in 18 U.S.C. §3553. *United States v. Booker*, 543 U.S. 220 (2005). Among those factors are the nature and circumstances of the offender and the history and characteristics of the Defendant. In addition, 18 U.S.C. §3553 provides that "no limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which the Court may receive for the purpose of imposing an appropriate sentence."

I. **The Nature and Circumstances of the offense and the History and Characteristics of the Defendant**

a. <u>The History and Characteristics of Mr. Anderson</u>

Mr. Anderson's childhood was unique and challenging as detailed in the previously filed *Defendant's Sealed Motion for Downward Variance*. However, Mr. Anderson's love and passion for music, coupled with his determination and perseverance, led to his life changing overnight. Mr. Anderson went from a borderline homeless teenager to having a major hit album that topped all the charts in the United States and overseas. Mr. Anderson's success at the age of seventeen was surreal; led to him having to grow up overnight and adapt to the world of music industry.

Mr. Anderson worked from a young age to overcome extreme hardships. Mr. Anderson has a long history of helping those in need and giving back to the community. He organized toy drives, spent his time feeding homeless on Thanksgiving and Christmas Days, clothed the less fortunate and gave hope and encouragement to people around him. He always praised his mother for teaching him the importance of giving back. Mr. Anderson organized and participated in charity events that would benefit those in need. Those who know Mr. Anderson describe him as caring, kind, always ready to help others in need, whether through financial help or just lending a hand to a friend or stranger in need. He is described as an individual who relates to others, a person with a big heart and a person always willing to help. *See Notice of Filing Character Letters* [DE 159]. Mr. Anderson's charismatic character comes from having had experienced challenges, hardships and overcoming obstacles. Mr. Anderson always believed in the importance of helping others, which is evident from various news articles. Mr. Anderson also volunteered his time to various

schools, where he visited and engaged with students. *See* Ex. A (Newspaper articles)[1] and Ex. B (Photographs).

In determining the appropriate sentence, the Court should consider the type of life Mr. Anderson led before these charges. The Defendant's charitable activities are part of the §3553(a) analysis. See *United States v. Cooper*, 394 FR. 3d 172,177 (3d Cir, 2005) (affirming sentence of probation in fraud case where the defendant did not simply donate money to charity, but made hands-on personal sacrifices which have had a dramatic and positive impact on the lives of others); *United States v. Thurston*, 544 F.3d 22 (1st Cir. 2008) (affirming three months' sentence where guidelines called for 60 months in fraud case, for a defendant who was known for charitable work and generosity with defendant's time); *United States v. Tomko*, 562 F. 3d 558 (3d Cir. 2009) (below guidelines sentence citing Tomko's community ties and charitable work). Just like in these cases, Mr. Anderson was known for his charitable work and giving back to the community. He did not just donate money, he rolled up his sleeves and served countless dinners to those in need, not as Sean Kingston, the famous singer, but as Kisean Anderson, a person who remembers his roots and childhood, a person who was once the one in need. Mr. Anderson has a big heart, as evidenced by his friends and family who wrote letters in his support and by those who know him.

  b. The Nature and Circumstance of the Offense

---

[1] https://www.blackcelebritygiving.com/sean-kingston-tyga-give-back-thanksgiving-day/ (Article "Sean Kingston and Tyga give back on Thanksgiving Day!)
https://jamaica-star.com/article/entertainment/20171125/sean-kingston-feeds-homeless-singer-hosts-thanksgiving-dinner-king (Article Sean Kingston Feeds Homeless – Singer Hosts Thanksgiving Dinner on King Street)
https://www.sj-r.com/story/news/2007/12/14/video-sean-kingston-makes-surprise/47771238007/ (Sean Kingston makes surprise trip to school to perform)

In determining a sentence that is "sufficient, but not greater than necessary", the Court should consider, among other factors, "the nature and circumstances of the offense and the history characteristics of the defendant". See 18 U.S.C §3553(a)(1).

Mr. Anderson's instant offense stems from sending false wire transfers to various businesses. Mr. Anderson has accepted responsibility and will address the Court at sentencing. The conspiracy to commit wire fraud in this case has a recurring theme- fraudulent wire receipts were sent, but most of the business were eventually paid back in full. Mr. Anderson is deeply remorseful for his conduct and involvement in this scheme and has had time to step back and reflect on his actions and how to make amends.

It is important to note that even though the amount of loss in this case is significant, the actual loss is significantly lower. Most victims were paid back and the restitution is disproportionate to the relevant loss amount.

Given Mr. Anderson's history and characteristics, as well as the non-violent nature of the offense, the undersigned respectfully requests that the Court consider a sentence below the guideline range and grant Defendant's Sealed Motion for Downward Variance previously filed in this case.

## II.   The Need for the Sentence Imposed

Under 18 U.S.C. §3553(a)(2), the Court must consider the "need for the sentence imposed (A) to reflect the seriousness of the offense and to promote respect for the law, and to provide just punishment for the offense; (B) to afford the adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; (D) to provide the defendant with needed

educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Howard*, 28 F 4th 180, 208 (11th Cir. 2022).

The guideline sentence as calculated by probation is greater than necessary, given the §3553 factors in this case. 18 U.S.C §3553(a) compels the Court to analyze each sentence within unique circumstances that each and every Defendant brings to the bar at sentencing, and which *Booker* and *Rita* have determined, requires the judicious and experienced hand of a District Court Judge, as opposed to a mere knee-jerk reaction to an arithmetical guideline cell. *United States v. Booker*, 543 US 220 (2005). Additionally, Mr. Anderson's sentence should reflect a consideration of his background, his character, and the impact a sentence of incarceration would have on the remainder of his life, the community at large, and his family. The Court, in utilizing, and complying with 18 U.S.C. § 3553, can fashion a sentence that would be just as fair, and would satisfy all four of the sentencing prerogatives as to Mr. Anderson, yet would still follow and abide by the sentencing goals set forth in that section.

Mr. Anderson's mother has already been sentenced to a term of sixty months of imprisonment. Mr. Anderson has been the sole provider for many of the members in his family. However, his mother was managing Mr. Anderson's business and most aspects of his life, and was the glue that kept everything together. Mr. Anderson finds himself yet again in a situation similar to the one in his teenage years. Mr. Anderson accepted responsibility in this case and has made all the positive steps toward learning and growing from this situation. Even though on house arrest and unable to perform in concerts and tours, Mr. Anderson has worked diligently at his home studio since being placed on home detention. He is productive and determined to pay any restitution owed and to start a new chapter.

A sentence of imprisonment is not necessary to punish or deter future conduct. Mr. Anderson never served prison time before. Such a high sentence is not necessary to deter future conduct in Mr. Anderson's case. While there is a need for the sentence to punish, deter and rehabilitate, a lesser sentence than his guideline sentence will satisfy those needs.

Here, the risk of recidivism is unquestionably low given the impact the conviction and the sentence will have on Mr. Anderson. As the Sentencing Commission recognizes in its publication *Recidivism Among Federal Offenders: A Comprehensive Overview* (Mar. 2016): Individuals in Criminal History Category I are the least likely to re-offend. *Id.* At A-2. Individuals convicted of fraud offenses are the least likely to reoffend. *Id.* At A-2. Mr. Anderson is at very low risk to reoffend, and any term of imprisonment is greater than necessary to deter him from future criminal conduct, which can effectively be accomplished by a reasonable term of home detention. Any future risk to the community can easily be accomplished through community supervision.

In many instances, home confinement or house arrest is, in itself, a substantial punishment. *United States v. Bueno*, 549 F.3d 1176 (8th Cir. 2008). Home confinement has also been deemed a significant restriction on a Defendant's liberty, especially in light of one's age or infirmity. *United States v. Munoz-Nava*, 524 F.3d 1137 (10th Cir. 2008). This is true, even more so, where probation with a substantial community service and fines are included. *United States v. Tomko* (en banc), *supra.; United States v. Whitehead*, 532 F.3d 991 (9th Cir. 2008). In this cause, such a sentence would adequately satisfy the "sufficient, but no greater than necessary" provision of U.S.C. §3553(a).

### III. The Need to Avoid Unwanted Disparities

One of the factors that this Court must consider pursuant to 18 USC § 3553(a)(6) is the need to avoid unwanted sentence disparities among defendants with similar records and who have been found guilty of similar conduct. In the following cases involving same or similar charges, the Courts in our district have sentenced the defendants below the guideline range:

- *United States v. Issa Asad*, 1:24-CR-20363 (168-210 months guideline range, sentenced to 60 months for fraud)

- *United States v. Dukens Eleazard*, 13-CR- 60029 (135-168 months guideline range, sentenced to 60 months for fraud)

- *United States v. Michlin Delivrance*, 21-CR-80044 (30 -37 months guideline range, sentence of 3 years' probation for fraud)

- *United States v. Joyce Meads*, 17-CR-60072 (24-30 months guideline range, sentence of 4 years' probation for fraud)

- *United States v. Rene Bernadel,* 23-CR-60005  (27-33 months guideline range, sentenced to home detention for fraud).

## IV.     The Need to Provide Restitution

One of the factors that this Court must consider pursuant to 18 U.S.C. § 3553(a)(7) is the need to provide restitution to the victims. Mr. Anderson fully intends to repay any restitution owed in this case after the amount is determined by the Court. Most of the victims were paid back and the restitution owed is minimal in comparison to the loss for which Mr. Anderson is being held responsible.

## CONCLUSION

Since his offense conduct, Mr. Anderson has taken significant rehabilitative steps by complying with all the terms and conditions set forth by the Court as part of his home detention, staying at home at all times and using this time in a productive manner. Mr. Anderson has been working day and night at the studio in his home and is more determined than ever to get his life back on track. Mr. Anderson has also complied with all the terms of his pretrial release

Under these circumstances, it is respectfully suggested that a low-end guideline sentence that calls for a term of imprisonment is greater than necessary to address the seriousness of Mr. Anderson's criminal behavior, especially given his unique and atypical history and characteristics. An appropriate and reasonable sentence is a reasonable term of home detention with the special condition that Mr. Anderson be ordered to pay restitution. Such a sentence will adequately punish Mr. Anderson for his offense conduct while providing him the opportunity to care for his family and pay down the restitution amount.

Such a sentence would also reasonably consider Mr. Anderson's unique characteristics, create respect for the law in that it will reflect that the law has appropriately considered Mr. Anderson as an individual and considered his unique human failings, which mitigate his crime and his punishment.

## CERTIFICATE OF SERVICE

I HEREBY certify that on August 11, 2025, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

Respectfully submitted,

BOZANIC LAW, P.A.
101 NE 3rd Avenue, Suite 1500
Ft. Lauderdale, FL 33301
Telephone:    954.920.9750

       Facsimile:    954.400.0335
       E-Mail: Zeljka@bozaniclaw.com

         /s/*Zeljka Bozanic*
By:_____
       Zeljka Bozanic
       Florida Bar No.  23707